**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CATHERINE GRAY | : | CIVIL ACTION NO.: |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MINNESOTA MINING AND | : | |
| MANUFACTURING COMPANY | : | |
| A/K/A 3M COMPANY | : | |
| | : | August 10, 2023 |
|    Defendant. | : | |

## NOTICE OF REMOVAL

**TO:    THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

Defendant 3M Company, formerly known as Minnesota Mining and Manufacturing Company[1] ("3M"), sued herein as "Minnesota Mining and Manufacturing Company a/k/a 3M Company," hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, premised on diversity jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

## I.    TIMELINESS OF REMOVAL

1.    On July 14, 2023, Plaintiff Catherine Gray served a copy of a Complaint and Summons on Defendant's agent of service, captioned *Catherine Gray v. Minnesota Mining and Manufacturing Company aka 3M Company*, and returnable to Connecticut Superior Court, Judicial District of Tolland at Rockville (the "State Court Action"). Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

---

[1] Effective April 8, 2002, this Defendant's legal name changed from Minnesota Mining and Manufacturing Company to 3M Company.

2.     The first notice received by Defendant of the State Court Action occurred on or about July 14, 2023, when Plaintiff served the Complaint and Summons on Defendant.

3.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.     VENUE

4.     The Superior Court of Connecticut, Judicial District of Tolland at Rockville is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.     BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

5.     This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States".

### A.     AMOUNT IN CONTROVERSY

6.     As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs".

7.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'"  *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at 12. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

8.      In relation to her claims, Plaintiff seeks monetary damages, which include: front pay, punitive damages, attorneys' fees and costs, as well as other relief.  (Pl.'s Compl. at 11.)

9.      According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about April 8, 2023. (Compl. at ¶ 42.)  Plaintiff alleges as part of her damages to be lost wages and "benefits of employment, [and] has been deprived of the benefits of gainful employment into the future", implying she remains unemployed. (Compl. at ¶ 51.) Plaintiff also seeks as part of her prayer for relief front pay, also implying current unemployment. (Compl. at 11.) At the time of her most recent employment, Plaintiff was earning approximately $20.50 per hour, or $42,640 annually, in addition to receiving health insurance and other employer-sponsored fringe benefits. Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for four months (or at least seventeen weeks) and will remain unemployed until she has obtained employment at an undeterminable date. Plaintiff is also seeking damages for emotional distress, which even in garden variety, is likely to constitute several thousands in damages. Although expressly Defendant denies that it acted unlawfully or that Plaintiff is entitled to any damages and relief she seeks in her Complaint, based on the likely date of a trial in this matter, Plaintiff's claim for back pay damages, alone, will likely exceed $75,000.00.

10.      Where attorneys' fees are potentially recoverable, which is alleged to be the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, her claimed attorneys' fees could exceed $75,000.00.

11.      Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages,

removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B. DIVERSITY OF CITIZENSHIP

12. According to her Complaint, Plaintiff is a resident and citizen of the State of Connecticut. *See* Compl. ¶ 1.

13. Defendant is a corporation formed under the laws of the State of Delaware that maintains its principal place of business in St. Paul, Minnesota. Defendant is, therefore, a citizen of Minnesota. *See Lincoln Property Co. v. Roch*, 546 U.S. 81, 89 (2005) ("Congress has provided simply and only that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

14. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## IV. CONCLUSION

15. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

16. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

17. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of

Connecticut, Judicial District of Tolland at Rockville, to the United States District Court for the

District of Connecticut.

**DEFENDANT,**
**3M COMPANY**

By /s/ *John G. Stretton*
John G. Stretton (ct19902)
Andrés Jiménez-Franck (ct31198)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3102
Fax: 203-969-3150
John.stretton@ogletree.com
Andres.jimenez-franck@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 10th day of August, 2023.


/s/ John G. Stretton
John G. Stretton